IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN SMALL,<br><br>　　　　PLAINTIFF,<br><br>v.<br><br>PHILIDOR RX SERVICES, LLC,<br><br>　　　　DEFENDANT. | CIVIL ACTION NO._____ |

## COMPLAINT AND JURY DEMAND

Plaintiff Steven Small, by and through his attorneys, Bell & Bell, LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1. This is an action for an award of damages, punitive damages, attorneys' fees and other relief on behalf of Plaintiff Steven Small, a former employee of Philidor Rx Services, LLC ("Philidor"). Mr. Small has been harmed by Philidor's racial discrimination and harassment, and by Philidor's retaliation for Mr. Small's complaints regarding this discrimination and harassment. Peg Neily, Philidor's Senior Director of Human Resources, and Michael Stuber, White Glove Supervisor, aided and abetted Philidor's discrimination, harassment and retaliation. This action arises under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq. ("Title VII"), and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTIONAL STATEMENT

2. This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. All conditions precedent to the institution of this suit have been fulfilled. On January 15, 2015, Mr. Small filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed as a Complaint with the Pennsylvania Human Relations Commission ("PHRC"). On July 22, 2015, the EEOC issued a Notice of Right to Sue in this matter. This action has been filed within 90 days of Plaintiff's receipt of said Notice.[1]

## VENUE

6. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b) because the claim arose in this judicial district.

7. Venue in the Eastern District of Pennsylvania is also authorized pursuant to 42 U.S.C. § 2000(e) et seq.

## PARTIES

8. Plaintiff Steven Small is an African American male citizen and resident of Philadelphia, Pennsylvania and the United States of America.

9. Defendant Philidor Rx Services, LLC (hereinafter "Philidor") was and is a corporation duly organized and existing under state law that acted as Mr. Small's employer, that does

---

[1] Mr. Small also alleged violations of the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951 et seq. ("PHRA") in his administrative charge. It has been less than one year since Mr. Small's Charge was dual-filed as a Complaint with the PHRC. Mr. Small will seek to amend this Complaint upon exhausting his administrative remedies with respect to his claims under the PHRA.

2

significant business within the Commonwealth of Pennsylvania, and is engaged in an industry affecting commerce.

10.     Philidor has a location at 330 S. Warminster Rd., Ste. 350, Hatboro, Pennsylvania 19040 where Plaintiff was employed.

11.     At all times material hereto, Defendant Philidor employed more than five-hundred people.

12.     At all times material hereto, Defendant Philidor acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Philidor and in furtherance of Philidor's business.

13.     At all times relevant hereto, Defendant acted as a "person" and/or "employer" within the meaning of one or more of the anti-discrimination laws at issue in this suit and is accordingly subject to the provisions of said laws.

14.     At all times relevant hereto, Plaintiff Steven Small was an "employee" of Defendant Philidor within the meaning of the anti-discrimination laws at issue in this suit and is accordingly entitled to the protections of said laws.

## FACTS

15.     Mr. Small began his employment with Philidor in the Summer of 2014 as a White Glove Agent.

16.     In late August of 2014, Mr. Small began to become concerned with the conduct of a co-worker who was seated near him in the location at which Mr. Small was employed, and other conduct permitted in the Philidor workplace.

17. As a result of these concerns, Mr. Small complained on a number of occasions to Human Resources and others at Philidor, including making written complaints about this inappropriate conduct.

18. Among his complaints, on September 18, 2014, Mr. Small emailed Peg Neily to complain about inappropriate racial and/or national origin comments being made by his co-workers in his presence.

19. The next day he was at work, Mr. Small overheard his co-workers making comments that both made light of the fact that he had complained to HR, and made clear to Mr. Small that HR had notified these co-workers that Mr. Small had complained, all in front of Mr. Small's immediate supervisor Michael Stuber, who did nothing to intervene.

20. As a result, Mr. Small lodged an additional written complaint with Ms. Neily on or about September 24, 2014 in which he specifically mentioned the fact that he would be seeking the intervention of the EEOC and/or the PCHR.

21. Five days later, on September 29, 2014, Mr. Small was placed on a 90-day Performance Improvement Plan during a meeting with Ms. Neily and Mr. Stuber.

22. Mr. Small made an additional written complaint that same day making clear he thought that his being placed on the Performance Improvement Plan was retaliatory, and requesting documentation supporting the company's contention that he was underperforming.

23. Seven days after this complaint and request for documentation supporting the proffered reason for placing him on the 90-day PIP, Mr. Small was fired, allegedly as a result of poor performance.

24. Contrary to Philidor's assertions to Mr. Small, his performance was satisfactory.

25.    It was only after Mr. Small began complaining that his performance was called into question.

26.    Particularly telling is that the company was so fed up with Mr. Small's protected activities, so tired of his complaints, that after placing him on a 90-day Performance Improvement Plan, Philidor fired Mr. Small only seven days into the PIP, after he dared to complain yet again.

27.    Philidor's explanation for Mr. Small's termination was a pretext for race discrimination and harassment, and retaliation for Mr. Small's complaints regarding racial discrimination and harassment.

28.    As a result of the severe and pervasive race discrimination, harassment, and retaliation suffered by Mr. Small, Mr. Small suffered, and continues to suffer financial losses.

29.    As a result of the severe and pervasive race discrimination, harassment, and retaliation suffered by Mr. Small, Mr. Small suffered, and continues to suffer severe emotional distress.

## COUNT I
### (Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e))
### Plaintiff v. Philidor Rx Services, LLC

30.    Plaintiff Steven Small repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

31.    Based on the foregoing, Defendant Philidor has engaged in unlawful employment practices in violation of Title VII.

32. In discriminating against, harassing, and retaliating against Mr. Small because of his race and because of his complaints about race discrimination and harassment, and terminating Mr. Small, Defendant Philidor violated Title VII of the Civil Rights Act of 1964.

33. Said violations were intentional and willful.

34. Said violations warrant the imposition of punitive damages.

35. As the direct and proximate result of Defendant Philidor's violations of Title VII, Plaintiff Steven Small has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon along with and/or in addition to the damages and losses set forth herein.

36. Plaintiff Steven Small is now suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant Philidor's actions unless and until this Court grants the relief requested herein.

### COUNT II
### (Civil Rights Act of 1866, 42 U.S.C. § 1981)
### Plaintiff v. Philidor

37. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

38. Based on the foregoing, Defendant Philidor engaged in unlawful employment practices in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

39. In discriminating against, harassing, and retaliating against Mr. Small because of his race and because of his complaints about race discrimination and harassment, and terminating Mr. Small, Defendant Philidor violated the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

40. Said violations were intentional and willful.

41. Said violations warrant the imposition of punitive damages.

42.     As the direct and proximate result of the Defendant Philidor's violations of Section 1981, Plaintiff Steven Small has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon along with and/or in addition to the damages and losses set forth herein.

43.     Plaintiff Steven Small is now suffering and will continue to suffer irreparable harm and monetary damages as a result of the Defendant Philidor's actions unless and until this Court grants the relief requested herein.

## PRAYER FOR RELIEF

44.     Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

**WHEREFORE**, Plaintiff Steven Small respectfully requests that this Court enter judgment in his favor and against Defendant Philidor and enter an Order:

   a.   Declaring that the acts and practices complained of herein violate Title VII;

   b.   Declaring that the acts and practices complained of herein violate Section 1981;

   c.   Enjoining and restraining the acts and practices complained of herein;

   d.   Awarding compensatory damages to Plaintiff Steven Small to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of the Defendant's discriminatory conduct;

   e.   Awarding compensatory damages to Plaintiff Steven Small for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures and pain and suffering;

   f.   Awarding punitive damages to Plaintiff Steven Small;

g.  Awarding Plaintiff Steven Small costs of this action together with reasonable attorneys' fees;

h.  Awarding Plaintiff Steven Small such other damages as are appropriate under Title VII and Section 1981; and

i.  Granting such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Steven Small hereby demands trial by jury as to all issues so triable.

*James A. Bell IV*
James A. Bell IV, Esquire
PA Attorney I.D.# 81724
Christopher A. Macey, Jr. Esquire
PA Attorney I.D.# 207800
Bell & Bell LLP
1617 JFK Blvd. – Suite 1020
Philadelphia, PA 19103
(215) 569-2500

Attorneys for Plaintiff Steven Small

DATED:   October 19, 2015